# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOHN ROLAND,              )
                                )
     **Plaintiff,**          )
                                )
**v.**                         )       **Case No. CIV-14-1182-D**
                                )
**OKLAHOMA CORRECTIONAL**    )
**INDUSTRIES, OKLAHOMA DEPARTMENT**  )
**OF CORRECTIONS, and JERRY**   )
**THOMPSON,**             )
                                )
     **Defendants.**        )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis,* brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. United States District Judge Timothy D. DeGuisti has referred the matter to the undersigned magistrate judge for preliminary review and submission of proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

Currently before the Court is Defendants' motion to dismiss/motion for summary judgment (ECF No. 27) to which Plaintiff has responded (ECF No. 30) and Defendants have replied. (ECF No. 31). Additionally, Defendants have submitted a court-ordered Special Report. (ECF No. 25).

For the following reasons, it is recommended that the official capacity claims against all defendants be **DISMISSED WITHOUT PREJUDICE.** It is further recommended that summary judgment be **GRANTED** as to the individual capacity claims against all defendants. Further, it is recommended that Plaintiff be **GRANTED**

leave to amend his Amended Complaint (ECF No. 6) to name the Department of Corrections employee who was actually involved in the incident giving rise to this complaint.

## I.    BACKGROUND

Plaintiff's allegation is as follows:

> Plaintiff John Roland #487525 was shot in the arm by Sgt. J. Thompson while on duty at his job for the Oklahoma Correctional Industries at the Joseph Harp Correctional Center in Lexington, OK. Sgt. J. Thompson was permitted to oversee inmates and commit criminal acts by manufacturing illegal contraband (blow-gun) and using it to torment/harass inmates for no just cause, simply because he was in a power position given to him by the Department of Corrections to act negligently, recklessly and criminally causing injury to the Plaintiff by inflicting psychological and physical torment and fear.

(ECF No. 6:3). Defendants have moved for dismissal of Plaintiff's official capacity claims against them. Defendant Jerry Thompson has moved for dismissal of the individual capacity claims against him or, in the alternative, for summary judgment. All defendants also assert a defense of qualified immunity.

## II.    STANDARDS OF REVIEW

### A.    Motions To Dismiss

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. But "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotation marks omitted). "Once defendants have asserted a qualified-immunity defense, it is the plaintiff's burden to show, "by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits" that the right allegedly violated was clearly established at the time of the conduct at issue. *Beattie v. Smith*, 543 F. App'x 850, 855 (10th Cir. 2013) (quoting *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008)).

## B.    Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court must view the facts and inferences drawn from the record in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quotation omitted). While the court liberally construes a pro se plaintiff's complaint, he must adhere to the same rules of procedure that are binding on all litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Thus, a pro se plaintiff must strictly adhere to the requirements of Fed. R. Civ. P. 56.

With respect to those requirements, the Supreme Court has determined that the plain language of Rule 56 . . . mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III. ANALYSIS

### A. Eleventh Amendment Immunity

Defendants move for dismissal of the official capacity claims lodged against them asserting the defense of Eleventh Amendment sovereign immunity. (ECF No. 27:4-6). In his response to Defendants' motion to dismiss, (ECF No. 30:1), Plaintiff does not

challenge Defendants' assertion that claims for damages against them are barred by the Eleventh Amendment.

Plaintiff is suing the Oklahoma Department of Corrections (DOC), an agency of the State of Oklahoma, the Oklahoma Correctional Industries (OCI), a "subsidiary" of ODOC, and Jerry Thompson, a DOC employee. The official capacity claims against all defendants are actually claims against the State of Oklahoma. The Eleventh Amendment bars federal court jurisdiction over a state agency or a state official acting in his or her official capacity in a suit for monetary damages. *See Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).

Unless the State unequivocally waives its Eleventh Amendment immunity, a federal court lacks jurisdiction to award monetary damages in a civil rights action. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110 (10th Cir. 2012) ("Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of unequivocal intent to do so."). Oklahoma has not waived its sovereign immunity against civil rights claims. *See Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citation omitted) ("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court."). The Eleventh Amendment bars any claim for monetary relief against Defendants in their official capacities. *See Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013) ("[I]mplicit in enactment of the Eleventh Amendment is that state sovereign immunity ordinarily bars federal-court jurisdiction over private suits against a state by citizens of the state.").

The court should grant Defendants' motion to dismiss all official capacity claims against them. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims should be dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n. 9 (10th Cir. 2011) ("dismissal on sovereign immunity grounds . . . must be without prejudice.").

### B. Individual Capacity Claims

In their dispositive motion, Defendants contend "Jerry Thompson" was not involved in the incident of which Plaintiff complains. Rather, Defendants have provided records in the Special Report demonstrating the ODOC employee was actually one "Christopher Thompson." (ECF No. 25-6:2-3).

In his response, Plaintiff acknowledges he made "a clerical error" in naming "Jerry Thompson" rather than "Christopher Thompson" as a defendant. Because there is no genuine issue of material fact regarding the identity of the person who shot Plaintiff with an object from a blowgun, Jerry Thompson is entitled to summary judgment on the claims asserted against him in his official capacity.

The issues discussed above are dispositive, and the court need not address the defense of qualified immunity.

### RECOMMENDATION

For the reasons set forth, Defendants' motion to dismiss the official capacity claims against them (**ECF No. 27)** should be **GRANTED,** and the claims should be

dismissed **WITHOUT PREJUDICE.** Because there is no genuine issue of material fact as to whether Defendant Jerry Thompson was involved in the blowgun incident, it is recommended that Defendant Jerry Thompson's motion for summary judgment be **GRANTED**. It is further recommended that Plaintiff be **GRANTED** leave to amend his Complaint to bring individual capacity claims against the ODOC employee, who was actually involved in the blowgun incident.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **October 16, 2015.** The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **disposes of all issues** referred to the undersigned magistrate judge in this matter.

**ENTERED** on September 29, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE